JS 44   (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BRANDON HILLMAN

**DEFENDANTS**
NCO FINANCIAL SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)
Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S)
(See instructions):
JUDGE _____    DOCKET NUMBER _____

Explanation:

DATE
04/19/2013

SIGNATURE OF ATTORNEY OF RECORD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| BRANDON HILLMAN | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. |
| NCO FINANCIAL SYSTEMS, INC. | : | |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( )


| | | |
|---|---|---|
| 04/19/2013 | Craig Thor Kimmel | Plaintiff, Brandon Hillman |
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-540-8888 | 877-788-2864 | kimmel@creditlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: PO Box 941, Ponono Summit, PA 18346

Address of Defendant: 507 Prudential Rd., Horsham, PA 19044

Place of Accident, Incident or Transaction:

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 04/19/2013   _____   57100

Attorney-at-Law   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/19/2013   _____   57100

Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT
### FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON HILLMAN, on behalf of himself )<br>and all other similarly situated, )<br> )<br>      Plaintiff )<br> )<br>   v. )<br> )<br>NCO FINANCIAL SYSTEMS, INC., )<br> )<br>      Defendants )| **Case No.:**<br><br>**CLASS ACTION COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

### COMPLAINT – CLASS ACTION

Plaintiff, BRANDON HILLMAN ("Plaintiff"), on behalf of himself and all others similarly situated, by way of Complaint against NCO FINANCIAL SYSTEMS, INC. ("Defendant"), says:

### INTRODUCTION

1.    This is a consumer class action brought on behalf of consumers against a debt collector for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA"). This law prohibits debt collectors from engaging in false, deceptive, misleading or unfair collection practices.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331.

3.    Venue lies in this District pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

4.      Plaintiff, Brandon Hillman, is a natural person residing in Pocono Summit, Pennsylvania.

5.      At all times relevant to this Complaint, Plaintiff was a citizen of, and resided within the boundaries of the Middle District of Pennsylvania.

6.      Plaintiff is a "consumer" as defined in §1692a(3) of the FDCPA.

7.      At all times relevant to this Complaint, Defendant was a collector of consumer debt within the meaning of section 1692a(6) of the FDCPA, with offices at 507 Prudential Road, Horsham, Pennsylvania 19044.


## FACTUAL ALLEGATIONS CONCERNING PLAINTIFF

8.      At all relevant times, Defendant was attempting to collect a consumer debt.

9.      The debt at issue, a student loan, arose out of transactions which were primarily for personal, family, or household purposes.

10.     On or around March 11, 2013, Defendant sent correspondence to Plaintiff demanding payment of an alleged debt. See Exhibit A, 3/11/13 Letter.

11.     The March 11, 2013 letter was Defendant's initial communication with Plaintiff.

12.     Because Defendant's March 11, 2013 was Defendant's initial communication with Plaintiff, 15 U.S.C. §1692g(a) requires that Defendant's correspondence contain the following language:

        (1)     the amount of the debt;
        (2)     the name of the creditor to whom the debt is owed;
        (3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period **that the debt, or any portion thereof, is disputed,** the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. (emphasis added)

13.     Despite this requirement, Defendant's March 11, 2013 correspondence states the following:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

14.     Under the plain language of the FDCPA, a consumer must **dispute** the debt in writing in order to trigger the protections of 15 U.S.C. §1692g(a)(4).

15.     However, Defendant's notice fails to include the language notifying Plaintiff that he must **dispute** the debt or any portion thereof, in order for Defendant to be required to send verification.

16.     The FDCPA clearly states that a written dispute, and not merely a written request for verification, triggers the protections of the statute.  See 15 U.S.C. §1692g(b).

## CLASS ACTION ALLEGATIONS

17.     This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

18.     This claim is brought on behalf of a Plaintiff Class, consisting of a class of

     a.   All consumers in the Commonwealth of Pennsylvania to whom, during the one year period prior to the filing of this action and continuing through the resolution of this action, Defendant sent a letter containing the language substantially in the form of that detailed in paragraph 13 above, and attached hereto as Exhibit A in an attempt to collect any consumer debt.

19.     The identities of all Class members are readily ascertainable from the records of Defendants.

20.     Excluded from the Class are the Defendants and all of their respective officers, members, partners, managers, directors, and employees of the Defendants and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

21.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal common question includes whether the FDCPA was violated by Defendant through its use of a standardized form collection letter that omits the specific language required to be included pursuant to 15 U.S.C. §1692g(a)(4).

22.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.  Although the precise number of Class members is known only to Defendant, Defendant is one of the nation's largest debt collectors, and Defendant regularly collects or attempts to collect debt from Pennsylvania consumers.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the FDCPA was violated by Defendant through its use of a standardized form collection letter that omits the specific language required to be included pursuant to 15 U.S.C. §1692g(a)(4).

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the same operative facts and are based on the same legal theories.

(c)     **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interests that are adverse to the absent class members.  Plaintiff is committed to vigorously litigating this matter.  Plaintiff has also retained counsel, Kimmel & Silverman, P.C., experienced in handling consumer lawsuits, complex legal issues, and class actions.  Neither Plaintiff nor their counsel has any interests which might cause them not to vigorously pursue

the instant class action lawsuit.

(d)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

23.    Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant, who, on information and belief, collect debts throughout the United States of America.[1]

24.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CLAIMS

### COUNT I
### DEFENDANT VIOLATED §1692g(a)(4) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### AS TO PLAINTIFF AND THE CLASS

25.    Section 1692g(a)(4) of the FDCPA requires a debt collector to inform the consumer in its initial communication that if the consumer notifies the debt collector in writing

---

[1]    Notably class actions are already pending against Defendants in New York (Friedman v. NCO Financial Systems, Inc., Docket No. 7:13-cv-02339-ER); and Rhode Island (Santilli v. NCO Financial Systems, Inc., Docket No. 1:13-cv-00149-S-PAS), for similar claims, but different class parameters.

within the thirty-day period **that the debt, or any portion thereof, is disputed,** the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

26.     Here, Defendant violated §1692g(a)(4) of the FDCPA by omitting in its initial collection letters to the Class that the consumer must dispute the debt in writing to invoke the consumer's verification rights.

## **TRIAL BY JURY**

27.     Plaintiff is entitled to and hereby demands a trial by jury as to all issues so triable.

WHEREFORE, Plaintiff, by and through his attorneys, respectfully prays for relief as follows:

a.   That an Order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

b.   That judgment be entered against each Defendant for actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

c.   That judgment be entered against each Defendant for statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

d.   That the Court award costs and reasonable attorneys fees, pursuant to 15 U.S.C. §1692k(a)(3);

e.   An incentive award, in the discretion of the Court, for the time, effort and expense incurred by Plaintiff in connection with this action; and

f.   That the Court grants such other and further relief as may be just and proper.

DATED: 04/19/2013                               RESPECTFULLY SUBMITTED,

                                BY:    _____

                                       Craig Thor Kimmel
                                       Kimmel & Silverman, P.C.
                                       30 E. Butler Avenue
                                       Ambler, PA 19002
                                       Phone: (215) 540-8888 ext. 148
                                       Fax: (877) 788-2864 Fax
                                       Email: kimmel@creditlaw.com