# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRANDON HILLMAN, on behalf of himself and all others similarly situated,** **Plaintiff,** | **CIVIL ACTION** |
| v. | **NO. 13-2128** |
| **NCO FINANCIAL SYSTEMS, INC.,** **Defendant.** | |

**DuBOIS, J.**                                                                                                September 25, 2013

## MEMORANDUM

### I.   INTRODUCTION

This class action was brought by Brandon Hillman on behalf of himself and others similarly situated seeking damages arising from debt-collection letters mailed by defendants to Hillman and others that allegedly violated provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Presently before the Court is defendant's Motion to Dismiss. For the reasons that follow, the Court grants defendant's motion.

### II.   BACKGROUND

Plaintiff initiated the instant suit on April 19, 2013, asserting a claim under the FDCPA, against defendant NCO Financial Systems, Inc. On March 11, 2013, plaintiff received a letter ("the Letter") from defendant demanding payment of an alleged debt. Compl. ¶ 10. This was defendant's initial communication with plaintiff. *Id.* ¶ 11. Plaintiff highlights language in the Letter, an excerpt of which states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. *If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.* If you request this office in

writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.* ¶ 13 (emphasis added); Letter, Mar. 11, 2013, Ex. A. to Compl.

After plaintiff received the Letter, plaintiff commenced this lawsuit on behalf of himself and others who have received similar letters from defendant. Plaintiff alleges that the Letter violates 15 U.S.C. § 1692g(a)(4) because it fails to disclose to the consumer, as the statute requires, that the consumer must notify the office within thirty days that he or she disputes the validity of the debt to trigger the statutory right to verification. Merely "notify[ing] the office" that the consumer requests verification, according to plaintiff, is insufficient to obtain the statute's protections. Compl. ¶ 16.

### III.   LEGAL STANDARD

A debt collector must include the statutorily required "debt validation notice" in any debt-collection letter sent to a consumer. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). To comply with the statutory requirements, the notice must contain the required disclosures and effectively convey these disclosures to the debtor. *Id.* A debt collector need not quote the statute verbatim to satisfy its requirements. *See, e.g.*, *Dutterer v. Thomas Kalperis Int'l, Inc.*, 767 F. Supp. 2d 504, 508 (E.D. Pa. 2011).

In analyzing communications that potentially give rise to claims under the FDCPA, the "least sophisticated debtor" standard applies. *Brown v. Card Service Center*, 464 F.3d 450, 453 (3d Cir. 2006). "[T]he basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Id.* (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). Application of the

least-sophisticated consumer standard "requires that courts consider the impression that the least sophisticated debtor would receive from the debt collector's communications." *Martsolf v. JBC Legal Group, P.C.*, No. 04-cv-1346, 2008 WL 275719, *3 (M.D. Pa. Jan. 30, 2008).

## IV. DISCUSSION

"Congress enacted the FDCPA in 1977 after noting the 'abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.'" *Brown v. Card Service Center*, 464 F.3d 450, 453 (3d Cir.2006) (quoting 15 U.S.C. § 1692(a)). In order to enhance the protections available to consumers, the FDCPA provides "a private cause of action against debt collectors who fail to comply with the Act. . . . A prevailing plaintiff under the Act is entitled to an award of damages, costs of suit and reasonable attorneys' fees." *Id.* (quoting 15 U.S.C. § 1692k).

Under the statute, a debt collector must send a consumer a written notice containing, *inter alia*,

> a statement that if the consumer *notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed*, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(a)(4) (emphasis added). In his allegations, plaintiff focuses on the fact that the sentence of the Letter that begins, "If you notify this office in writing within 30 days . . . ." fails to contain the words "that the debt, or any portion thereof, is disputed."

The flaw in plaintiff's argument is that a consumer, as a matter of law, does not specifically need to identify a dispute in writing, as plaintiff claims, to exercise the right to verification. "[U]nder the FDCPA, requesting verification *is* sufficient to trigger a debt collector's verification obligations. 'Dispute' is a term of art in FDCPA parlance that means a request to verify the

3

existence of a debt." *Gruber v. Creditors' Protection Service*, No. 12-cv-1243, 2013 WL 2072976, at *2 (E.D. Wis. May 14, 2013) (citing *DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010)). Because the consumer need not include the actual word "dispute" in a request for verification, defendant's failure to instruct the consumer to do so is inconsequential.

Further, as one court explained, this argument fails because a debt collector could not avoid its obligation to verify a debt simply because the consumer, in requesting verification, did not explicitly state that he or she disputed the debt:

> Although an unsophisticated consumer might not know that "I dispute the debt" and "I request you verify the existence of the debt" are synonymous in the FDCPA context, certainly a debt collector would be charged with such knowledge and would understand that a request to verify a debt triggers the debt collector's obligations under § 1692(g)(b). Moreover, unsophisticated consumers cannot be expected to assert their rights in legally precise phrases. Thus, even if there were a literal distinction between disputing a debt and requesting verification of a debt, a debt collector could not ignore its verification obligations anytime a consumer asked for verification but did not indicate that the debt was "disputed." That would be a form of hairsplitting that the FDCPA does not allow a debt collector to engage in when dealing with unsophisticated customers.

*Id.* (citation omitted); *see also Borucki v. Vision Fin. Corp.*, No. 13-cv-386, 2013 WL 2477067, at *3 (E.D. Wis. June 7, 2013); *Schaefer v. Tri-State Adjustments, Inc.*, No. 13-cv-378 (E.D. Wis. May 28, 2014).

Finally, even if the second sentence in isolation did not sufficiently apprise the consumer of his or her verification rights, it does when read in context. *Smith v. Hecker*, No. 04-cv-5820, 2005 WL 894812, at *6 (E.D. Pa. Apr. 18, 2005) ("When reviewing a debt validation notice, I must review the document as a whole in order to evaluate whether the notice would inform sufficiently a least sophisticated debtor of his debt validation rights."). The first sentence informs the consumer that the office will assume the dispute is valid unless he or she notifies the office of a *dispute* within thirty days. Even the least sophisticated consumer would understand that

notification referred to in the second sentence pertains to the notification of a dispute described in the first.

V.      **CONCLUSION**

Defendant's motion to dismiss is granted for the foregoing reasons.   The action is dismissed with prejudice.   An appropriate order follows.